STATE OF CONNECTICUT *v.* WILLIE A. DOUGLAS
(3989)

STATE OF CONNECTICUT *v.* RICHARD BUSH, JR.
(4182)

DUPONT, C. J., BORDEN and BIELUCH, Js.

Argued January 14—decision released March 22, 1988

*Richard F. Jacobson,* assistant state's attorney, for the appellant (state).

*Leopold P. De Fusco,* special public defender, for the appellee (defendant in the first case).

*James M. Connolly,* for the appellee (defendant in the second case).

PER CURIAM. This opinion follows oral argument on this court's own motion to determine whether it should have set aside the judgments in *State* v. *Douglas,* 10

Conn. App. 103, 124, 522 A.2d 302 (1987). After hearing, we conclude that the judgments should not have been set aside and we hereby reinstate them.

Further, the case is remanded to the trial court to conduct an in camera examination to determine whether the transcript in the earlier trial of co-accused, Herbert Johnson, contained material prior inconsistent statements of witnesses sufficient to have affected the outcome of the trials of either or both of these defendants. If there is no material inconsistency found, then there is no error and the judgments remain undisturbed. If a sufficient material inconsistency is found, then there is error and the trial court must determine whether the error was harmful or harmless. If the trial court concludes that the state has met its burden as to either defendant in proving the error harmless beyond a reasonable doubt, then the judgment of conviction of that defendant remains undisturbed, subject to any further appeal to this court concerning the trial court's ruling on that issue. If the trial court finds harmful error as to either defendant, that judgment of conviction is set aside and a new trial is hereby ordered as to that defendant.

The judgments of the trial court are reinstated and the cases are remanded for further proceedings in accordance with this opinion.