STATE OF CONNECTICUT *v.* WILLIE A. DOUGLAS
(6390)

STATE OF CONNECTICUT *v.* RICHARD BUSH, JR.
(6391)

DUPONT, C. J., NORCOTT and FOTI, Js.

Argued June 15—decision released September 13, 1988

*Leopold P. DeFusco,* special public defender, for the appellant (defendant in the first case).

*James M. Connolly,* special public defender, for the appellant (defendant in the second case).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Henry J. Lyons III* and *Gary W. Nicholson,* assistant state's attorneys, for the appellee (state).

DUPONT, C. J. The defendants in this combined appeal were tried together and convicted of the crimes of attempted robbery in the first degree in violation of General Statutes § 53a-134 (a) (2), and aiding in an assault in the first degree in violation of General Statutes § 53a-59 (a) (3). Prior to the defendants' trial, a codefendant, Herbert Johnson, was tried separately and acquitted of the same charges. In a prior appeal to this court, the defendants claimed error in the trial court's failure to order the state to produce the transcripts of testimony of the state's witnesses given in Johnson's trial after those same witnesses testified in the trial of the defendants herein. We held that the trial court had erred in refusing to conduct an in camera examination to determine if the transcript in the trial of Herbert Johnson contained material inconsistent statements of witnesses who were also witnesses in the trial of Bush and Douglas sufficient to have affected the outcome of their trial. We remanded the case with instructions for the trial court to conduct an in camera inspection to determine whether the Johnson transcript contained such material prior inconsistent statements. See *State* v. *Douglas,* 10 Conn. App. 103, 522 A.2d 302 (1987), and *State* v. *Douglas,* 13 Conn. App. 685, 539 A.2d 155 (1988).

Upon remand, the trial court found that the transcript in the Johnson trial contained no material inconsistent

statements of witnesses who were also witnesses in the trial of the defendants Bush and Douglas sufficient to have affected the outcome of the trials of either or both of the defendants. The sole issue presented in this appeal is whether the trial court erred in so concluding. We find no error.

We have conducted a thorough review and comparison of the testimony in each trial which the defendants claim is materially inconsistent. The comparison of a witness' testimony in two trials is a precarious procedure because each trial is not an exact duplicate of the other featuring precisely the same questions and, therefore, there is bound to be a certain degree of inconsistency in the answers. Although our review of the transcripts reveals that certain testimony is indeed inconsistent, we conclude that the inconsistencies are not material to the proof of the crimes with which the defendants were charged and convicted. Furthermore, many of the variances are of a trivial nature and lack any relevance to the elements of the crimes with which the defendants were charged.

We conclude that the trial court did not err in finding that the Johnson transcripts did not contain material prior inconsistent statements of witnesses sufficient to have affected the outcome of the trial of the defendants Bush and Douglas.

There is no error.

In this opinion the other judges concurred.